# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A. *Successor by Merger to BAC Home Loans Servicing, LP, formerly known as* Countrywide Home Loans Servicing LP<br><br>         Plaintiff,<br><br>v.<br><br>WILLOWS HOMEOWNERS ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC; SFR INVESTMENTS POOL 1, LLC;<br><br>         Defendants.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>         Counter Claimant,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>         Counter / Cross Defendants. | Case No. 2:16-cv-00351-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant Willows Homeowners Association's (the "HOA") Motion for Summary Judgment, Plaintiff Bank of America, N.A.'s ("BANA") Motion for Partial Summary Judgment ("BANA"), Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Summary Judgment, SFR's Motion for Partial Summary Judgment, and BANA's Motion to Strike. ECF Nos. 65, 66, 69, 71, 79. For the following reasons, the Court grants BANA's motion for partial summary judgment and SFR's motion for partial summary judgment as to Cross-Defendant

Brack M. Trantum only and denies all other motions.

## II. PROCEDURAL BACKGROUND

BANA filed its complaint in this matter on February 19, 2016. The complaint seeks quiet title/declaratory relief against all defendants that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") extinguished a deed of trust it held on a Las Vegas property. Id. The complaint also brought wrongful foreclosure and breach of NRS 116.3116 claims in the alternative against the HOA and Defendant Absolute Collection Services, LLC and for injunctive relief against SFR. Id. SFR answered the complaint on May 11, 2016, and asserted a counterclaim for quiet title against BANA, and a crossclaim against Cross-Defendant Brack M. Trantum. ECF No. 25. Trantum was served on June 4, 2016. ECF No. 33. On August 23, 2016, the Court stayed the case pending the Ninth Circuit's issuance of its mandate in Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016). ECF No. 47. On December 28, 2018, the Court lifted the stay. ECF No. 53

The HOA filed its motion for summary judgment on April 11, 2019. ECF No. 65. The motion was fully briefed. ECF Nos. 72, 74, 77. BANA moved for partial summary judgment on April 12, 2019. ECF No. 66. The motion was also fully briefed. ECF Nos. 75, 76, 78. SFR also moved for summary judgment and then for partial summary judgment.[1] ECF Nos. 69, 71. Both motions were fully briefed. ECF Nos. 73, 80. Finally BANA filed a motion to strike. ECF No. 79. A response was filed. ECF No. 81.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed fact.

---

[1] The documents are identical but have been filed as separate motions.

- 2 -

### a. Undisputed Facts

Brack M. Trantum purchased property located at 653 Taliput Palm Place, Henderson, Nevada 89011 with a $215,055.00 loan in 2008. The property was subject to the conditions, covenants, and restrictions ("CC&Rs") of the HOA. Trantum secured the loan with a deed of trust naming Mortgage Electronic Registration Systems, Inc as the original beneficiary. MERS assigned the deed of trust to BANA in 2011.

The HOA recorded a notice of delinquent assessment lien on December 12, 2012 followed by a notice of default and election to sell in 2013. The amounts owed were $1,032.46 and $1,779.07, respectively. The notices did not provide the superpriority amount of the lien.

BANA, through its counsel at Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer") requested the superpriority amount of the HOA lien through the HOA's agent, Absolute Collection Services, LLC ("Absolute") in a letter dated March 25, 2013. Absolute responded with a statement of account. The statement reflected that the monthly assessment was $54.00 and did not list any maintenance or nuisance abatement charges under NRS 116.310312. BANA subsequently calculated the superpriority amount to be $486.00, based on nine months' worth of assessment, and through its former counsel at Miles Bauer, tendered that amount to Absolute on April 18, 2013. Absolute accepted the tender, and on May 10, 2013, an employee of Absolute emailed Miles Bauer confirmed that BANA's tender had been received and that Absolute would "disclos[e] to investors at sale whether the first [lender had] paid the superpriority." Absolute also applied $520.07 payment by Trantum to the lien amount.

The HOA proceed with the sale on September 17, 2013. SFR purchased the property for $9,000.

**b. Disputed Facts**

The Court finds there to be no material disputed facts.

### IV. LEGAL STANDARD

**a. Motion for Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V. DISCUSSION

The Court addresses the following issues in turn.

**a. Standing**

SFR argues that BANA does not have standing to bring its claims because it has not proved valid transfer of the deed of trust and has not produced original certified copies of the deeds of

trust and promissory note. SFR argues that the note and deed of trust were impermissibly split at origination, which prevents enforcement of the deed of trust through foreclosure unless the same entity holds both the note and the deed of trust. While this is not a foreclosure action, SFR argues that because BANA is attempting to strip SFR of its property rights, similar to a borrower under a note of deed of trust, BANA must prove that it has valid possession of both the note and deed of trust.

The Court rejects SFR's argument. This is not a foreclosure action and SFR's analogy falls flat. The only relevant question for the Court is whether BANA has submitted documents sufficient to demonstrate its ongoing interest in the deed of trust. The Court does not need to determine whether BANA is able to foreclose on the property on the deed of trust.

The Court also does not find that SFR has raised a genuine question as to the authenticity of the deed of trust and promissory note. Fed. R. Evid. 1003 (copies are admissible to the same extent as the original "unless a genuine question is raised about the original's authenticity"); see also United States v. Childs, 5 F.3d 1328, 1335 (9th Cir. 1993) (discussing the interplay between Rules 1003 and 1005 of the Federal Rules of Evidence when copies of public records are produced to prove the content contained therein). The Court therefore finds that BANA has submitted documents sufficient to demonstrate its interest in the deed of trust.

**b. Tender**

The Court finds that BANA's tender served to preserve its deed of trust on the property. The holding of the Nevada Supreme Court in Bank of America, N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur") squarely applies in this case. 427 P.3d 113 (Nev. 2018). In Diamond Spur, the Nevada Supreme Court held that tender of nine months' of HOA monthly assessments, in the absence of evidence of maintenance or nuisance abatement charges, would preserve a deed of trust

after a nonjudicial foreclosure sale under NRS Chapter 116. Id. at 117. Here, as in Diamond Spur, the evidence indicates that BANA tendered nine months' worth of HOA assessments, and there is no evidence of any maintenance or nuisance abatement charges. Because the Court finds that BANA's payment satisfied the superpriority portion of the lien, the Court does not reach the question of whether borrower payments by Trantum also satisfied the superpriority portion of the lien.

SFR disputes whether BANA has sufficiently proven that it paid the superpriority portion of the lien, but the Court finds that SFR has done no more than raise metaphysical doubt as to whether the nine months of assessments was the correct amount. The Court further finds that SFR misstates the burden of production as required under Rule 56 of the Federal Rules of Civil Procedure. As the Ninth Circuit explains in Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc, a party moving for summary judgment usually bears both the initial burden of production and burden of persuasion. 210 F.3d 1099, 1102–03 (9th Cir. 2000). If a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense. Id. The Court finds that BANA has met its initial burden of production. SFR has produced no contrary evidence that there were any maintenance and nuisance abatement charges, which is the material fact at issue here, and therefore has not demonstrates that this fact is genuinely disputed.

SFR also argues that the tender was impermissibly conditional. Specifically, SFR argues that Diamond Spur did not address other impermissibly conditional portions of the letter accompanying the tender, including a provision stating that any charges related to maintenance and nuisance/abatement were subordinate to the deed of trust. But this is not what the letter states. The provision SFR cites for this proposition states:

> While the HOA may claim a lien under NRS 116.3102 Subsection(1), Paragraphs (j)

through (n) of this Statute clearly provide that such a lien is JUNIOR to first deeds of trust to the extent the lien is for fees and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest."

ECF No. 66-6, Exhibit 1.

The letter does not say that charges related to maintenance and nuisance/abatement are subordinate to the deed of trust—it refers only to collection costs, late fees, attorney's fees, and service charges—all costs the Nevada Supreme Court has already held are not part of the superpriority portion of the HOA lien. Horizons at Seven Hills v. Ikon Holdings, 373 P.3d 66, 72 & n.8 (Nev. 2016). Furthermore, the language does not constitute a condition upon which tender must be made—it merely provides Bank of America's understanding of the law. The Court thus finds that the letter accompanying the tender in this case is not impermissibly conditional.

Finally, SFR argues that its status as a bona fide purchaser should prevent the Court from voiding the sale. But the Nevada Supreme Court has been clear that status as a bona fide purchaser does not prevent the tender from satisfying the superpriority portion of the lien. Diamond Spur, 427 P.3d at 121.

The Court therefore grants summary judgment to BANA on its tender claim and declares the nonjudicial foreclosure sale void only as to the superpriority portion of the lien. Because the Court finds that the deed of trust survived the foreclosure sale, it dismisses the breach of NRS 116.3116 and wrongful foreclosure claims that BANA pled in the alternative, and therefore dismisses the HOA's motion as moot.

The Court also finds that it is undisputed that SFR is the current title owner of the property, and therefore grants summary judgment to SFR on its claim for quiet title against Cross-Defendant Brack M. Trantum.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Bank of America's Motion for Summary Judgment (ECF No. 66) is GRANTED. The Court quiets title and declares that Defendant SFR Investments Pool 1, LLC acquired the property subject to Bank of America's deed of trust. The

Court declares the foreclosure sale void only as to the superpriority portion of the lien, and dismisses Bank of America's second and third causes of action that were pled in the alternative.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 69) and Motion for Partial Summary Judgment (ECF No. 71) is DENIED in part and GRANTED in part. The Court grants summary judgment to SFR only as to Cross-Defendant Brack M. Trantum.

**IT IS FURTHER ORDERED** that Defendant Willows Homeowners Association's Motion for Summary Judgment (ECF No. 65) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff Bank of America, N.A.'s Motion to Strike (ECF No. 79) is DENIED as moot.

**IT IS FURTHER ORDERED** that the $500 cash deposit (ECF No. 23), plus any accrued interest, be returned to the Legal Owner designated in the certificate.

**IT IS FURTHER ORDERED** that the notices of lis pendens filed in this case (ECF Nos. 2, 27, 28) are expunged.

The Clerk of the Court is instructed to close the case.

**DATED** March 31, 2020

_____
**RICHARD E. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**